# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1914

_____

| | | |
|---|---|---|
| Daniel R. Baird, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Burlington Northern and Santa Fe | * | District of Minnesota |
| Railway Company, | * | |
| | * | [UNPUBLISHED] |
| Defendant, | * | |
| | * | |
| United Transportation Union, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: November 16, 2001
Filed: November 29, 2001

_____

Before BYE and BEAM, Circuit Judges, and GOLDBERG,[1] Judge.

_____

PER CURIAM.

Daniel Baird sued his employer, Burlington Northern and Sante Fe Railway Company (BNSF), and his union, the United Transportation Union (UTU), claiming entitlement to benefits under a severance agreement that closed a railway terminal in

_____

[1]The Honorable Richard W. Goldberg, Judge, United States Court of International Trade, sitting by designation.

Staples, Minnesota, in 1994. Baird's claims against BNSF were quickly dismissed, but he proceeded against the UTU alleging a breach of the duty of fair representation under the Railway Labor Act and a claim under Minnesota law for intentional infliction of emotional distress (IIED). The district court[2] granted UTU's motion for summary judgment on both claims and we affirm.

Assuming *dubitante* that the UTU owed Baird a duty to represent him in his grievance proceeding against BNSF, we hold that the UTU did not breach that duty. A breach of the duty of fair representation occurs only when the union's conduct is "arbitrary, discriminatory, or in bad faith." Vaca v. Sipes, 386 U.S. 171, 190 (1967); see Peters v. Burlington Northern R.R. Co., 931 F.2d 534, 538 (9th Cir. 1991) (applying this standard in a Railway Labor Act case). A union member faces a considerable burden in proving breach of duty. "Mere negligence, poor judgment or ineptitude by a union is insufficient to establish a breach of the duty of fair representation." Buford v. Runyon, 160 F.3d 1199, 1202 (8th Cir. 1998). Baird's proof of breach is largely based on a dispute with the UTU over the proper interpretation of the severance agreement and his entitlement to benefits thereunder. The UTU's considered opinion that Baird was ineligible to receive benefits falls well short of conduct that is "arbitrary, discriminatory, or in bad faith." Vaca, 386 U.S. at 190. Baird's additional arguments that the UTU failed to investigate his promotion to Grand Forks, North Dakota three weeks before the severance agreement was implemented; reconsidered the claims of other employees but not his; and certified only a few employees as eligible for benefits likewise fail to persuade us that the UTU breached any duty it may have owed him.

Baird's IIED claim against the UTU lacks merit. To prevail, Baird must at a minimum show that the UTU's conduct was extreme and outrageous, Hubbard v.

---

[2]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

United Press Int'l, Inc., 330 N.W.2d 428, 438-39 (Minn. 1983), which means conduct that is "so atrocious that it passes the boundaries of decency and is utterly intolerable to the civilized community." Haagenson v. Nat'l Farmers Union Property & Cas. Co., 277 N.W.2d 648, 652 n.3 (Minn. 1979). We think it perfectly obvious that Baird cannot meet this formidable burden. Even considering all of Baird's evidence in a favorable light, no reasonable person could conclude that the UTU's mere refusal to represent Baird during his BNSF grievance was utterly intolerable in a civilized society.

We affirm the judgment of the district court in all respects.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.